UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Vito Sanchez, | Case No. 2:21-cv-00732-JAD-NJK |
| Plaintiff | |
| v. | |
| F. Dreesen, et. al., | **Order Dismissing and Closing Case** |
| Defendants | |

Plaintiff Vito Sanchez brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. On July 14, 2021, this Court ordered the plaintiff to either pay the $402 filing fee or file a complete *in forma pauperis* application by August 30, 2021.[1] On July 28, 2021, the plaintiff filed an incomplete application to proceed *in forma pauperis*.[2] Plaintiff's incomplete application did not include a financial certificate with an inmate account statement for the previous six-month period or, alternatively, a declaration detailing any efforts he took to acquire such financial documents from prison officials. The August 30, 2021, deadline expired without a fully complete application or payment of the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a

---

[1] ECF No. 8.

[2] ECF No. 9.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

court order, or failure to comply with local rules.[4]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[7] and that warning was given here.[8]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file a complete application to proceed *in forma pauperis* or pay the filing fee as ordered.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**  If

---

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[5] *Malone*, 833 F.2d at 130; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Malone*, 833 F.2d at 132–33.

[8] ECF No 8 at 4.

Vito Sanchez wishes to pursue his claims, he must file a complaint in a <u>new</u> case, and he must either pay the $402 filing fee or file a complete *in forma pauperis* application in that new case.

Dated: September 7, 2021

_____
U.S. District Judge Jennifer A. Dorsey